UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN JENKINS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:19-CV-1036
(Criminal Case No. 1:15-CR-120)

HON. GORDON J. QUIST

## OPINION REGARDING JENKINS' § 2255 MOTION

Pursuant to 28 U.S.C. § 2255, Justin Jenkins moves to vacate, set aside, or correct his sentence. (ECF No. 1.) He argues that he received ineffective assistance of counsel. The government has responded. (ECF No. 15.) Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," § 2255(b), the Court will deny Jenkins' motion in its entirety without a hearing.

### BACKGROUND[1]

On March 15, 2016, a grand jury returned a superseding indictment charging Jenkins with one count of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin and 28 grams or more of cocaine base (Count One); two counts of possession with intent to distribute a quantity of heroin or cocaine and cocaine base (Counts Five and Six); one count of possession with intent to distribute 100 grams or more of heroin (Count Seven); one count of felon

---

[1] On direct appeal, Jenkins and his co-Defendant challenged this Court's denials of their motions to suppress evidence. The Sixth Circuit affirmed and thoroughly discussed the facts in this case. *United States v. Jenkins*, 743 F. App'x 636, 638 (6th Cir. 2018). Most of the facts, however, are not relevant to Jenkins' § 2255 motion.

in possession of a firearm (Count Eight); and one count of possession of a firearm in furtherance of drug trafficking (Count Nine). (R.125.)[2] Pursuant to the procedural requirements of 21 U.S.C. § 851, on July 7, 2016, the government filed an Information and Notice of Prior Felony Drug Conviction, which stated that, because of his prior drug conviction in Michigan, Jenkins faced increased penalties if convicted in the instant case. (R.208.) The Information and Notice identified one prior drug conviction: "On January 10, 2005, [Jenkins] was convicted of Possession of Less than 25 grams of Cocaine/Heroin or other Narcotic and sentenced to 90 days in jail in the 2nd Circuit Court, in St. Joseph, Michigan." (*Id.* at PageID.1237-1238.) Based on his prior felony drug conviction, Jenkins faced a ten-year mandatory minimum sentence if convicted on Count One or Count Seven. *See* 21 U.S.C. § 841(b)(1)(B).

As the case progressed, Jenkins and his co-Defendants filed several motions to suppress. (R.132, 138, 161, 162, 165, 167 and 169.) The Court denied the motions (R.227, 228, and 233.) Shortly thereafter, on October 7, 2016, Jenkins pled guilty to Count Seven and Count Nine pursuant to a Rule 11(c)(1)(C) conditional plea agreement, which allowed him to appeal the rulings on the motions to suppress. (R.239.) The parties agreed to a sentence of a total of 180 months' imprisonment—120 months on Count Seven and a consecutive 60 months on Count Nine. (*Id.*)

Under the statutory provisions, Jenkins faced ten years to life on Count Seven, and five years to life on Count Nine, to be served consecutively to Count Seven. *See* 21 U.S.C. § 841(b)(1)(B)(i); 18 U.S.C. § 924(c)(1)(A)(i). The Presentence Report calculated Jenkins' offense level at 34. (R.280 at PageID.1676.) Jenkins' criminal history included 20 adult convictions, which resulted in a criminal history score of 10. (*Id.* at PageID.1677-1684.) Another 2 points were added because Jenkins committed the instant offense while on probation. (*Id.* at

---

[2] Citations to "R." refer to docket entries in Jenkins' criminal case, 1:15-CR-120.

PageID.1684.)  In his objections, Jenkins "concede[d] that, if the jail sentences listed in the criminal history portion are accurate, Mr. Jenkins is properly scored at a level V, based on criminal history points of 12." (R. 262 at PageID.1536.)  With an offense level of 34 and criminal history category of V, Jenkins' guideline range was calculated at 235 to 293 months on Count Seven, and five years on Count Nine, to be served consecutively to Count Seven.  (R.280 at PageID.1697.)

At sentencing, this Court accepted the plea agreement and imposed the requested sentence of a total of 180 months imprisonment, consisting of 120 months on Count Seven, plus 60 consecutive months on Count Nine. (R.286.)

Jenkins now contends that he received ineffective assistance because his counsel did not object to the application of the 21 U.S.C. § 851 enhancement. *See Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S. Ct. 2577 (2010).  Furthermore, Jenkins argues that the government errs in asserting that no binding case "has dealt with whether [his] 2005 state case would qualify as a 'felony drug offense' for the purpose of the statutory enhancement under § 851."  He asserts that these cases have "specifically dealt with the issues presented herein regarding [Jenkins'] prior." (ECF No. 21 at PageID. 95.)  In addition to *Carachuri-Rosendo*, he cites *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008) and *Tapp v. United States*, 5015 U.S. Dist. Lexis 124492 (6th Cir. 2015).

The government asserts that no "binding case has dealt with whether Jenkins' 2005 possession of heroin/less than 25 gams conviction qualifies as a 'felony drug offense' for the purpose of the statutory enhancement." (ECF No. 15 at PageID.56 citing *Hueso v. Barnhart*, 948 F.3d 324, 331 (6th Cir. 2020).)

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**ANALYSIS**

A criminal defendant's Sixth Amendment right to counsel includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In order to establish a constitutional ineffective assistance of counsel claim, a movant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.*

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The standard for analyzing ineffective assistance claims is "simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065). A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2065. The evaluation of the objective reasonableness of

4

counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586 (1986). The Court must presume that the lawyer is competent—the burden is on Jenkins, therefore, to demonstrate a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).

To establish prejudice, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). In the context of a guilty plea, the movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985).

Jenkins raises one ineffective assistance of counsel claim. He argues that his defense counsel performed deficiently by failing to challenge his sentencing enhancement because his 2005 conviction for possession of heroin less than 25 grams does not constitute a "felony drug offense." "The term 'felony drug offense' means an offense that is *punishable* by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (italics added). Although Jenkins concedes that his conviction under Mich. Comp. Law § 733.7403(2)(a)(v) subjected him to up to four years in prison (ECF No. 4 at PageID.24), he argues that the conviction does not qualify as a felony drug offense

because his presumptive sentence was ninety days as this was his first drug offense and there were no aggravating factors.

Jenkins relies on *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 582, 130 S. Ct. 2577, 2589 (2010), in which the Supreme Court addressed whether a lawful permanent resident who pleaded no contest in Texas, to two misdemeanor drug-possession offenses had "been convicted of an 'aggravated felony'" under the immigration laws. *Id.* at 566, 130 S. Ct. at 2580. The government had argued that the petitioner's crime was punishable under federal law by more than one year of imprisonment because, if the petitioner had been prosecuted federally for the second misdemeanor offense, the federal prosecutor could have alleged the petitioner's prior conviction. *Id.* at 566-67, 130 S. Ct. at 2580-81. The Court held that the offense did not constitute an "aggravated felony" because the state prosecutor had not charged the existence of a prior conviction and, thus, the petition was not "actually convicted of a crime that is itself punishable as a felony under federal law." *Id.* at 581-82, 130 S. Ct. at 2589.

Some courts have applied the reasoning in *Carachuri-Rosendo* to hold that an offense is not "punishable by imprisonment for more than one year," if the defendant could not be sentenced to more than one year based on a particular state sentencing system even though it carries a maximum statutory penalty of more than one year. *See, e.g., United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (North Carolina); *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019) (State of Washington). *But see*, *United States v. Dozier*, 949 F.3d 322, 325 (7th Cir. 2020) (Texas).  In *Hueso v. Barnhart*, 948 F.3d 324, 331 (6th Cir. 2020), the Sixth Circuit refrained from deciding this particular issue but noted that "'diverse viewpoints' exist on this 'difficult question.'" (citing *United States v. Recinos-Hernandez*, 772 F. App'x 115, 117 (5th Cir. 2019) (per curiam); *Simmons*, 649 F.3d at 250-58 (Agee, J., dissenting)).

6

In his Affidavit in this § 2255 proceeding, Jenkins' defense attorney writes that "[t]here were no cases in the [Sixth] Circuit or the Supreme Court that held that a sentencing court cannot enhance a drug sentence under 21 U.S.C. [§] 841 based on a State conviction where the guideline range for the conviction was less than one year but the maximum set by law was more than one year of incarceration." (ECF No. 9 at PageID.49.) Michigan does not have a guideline system that cabins the maximum penalty. The maximum penalty in every case remains the statutory maximum. *See, e.g.*, *Riley v. United States*, No. 01-20034, 2018 WL 4637366, at *3 (E.D. Mich. Sept. 27, 2018) ("The fact that the petitioner was sentenced to a term of less than one year in prison for the 1994 crime is of no consequence, because the classification of the offense under section 802(44) turns on the maximum authorized penalty under the state statute, not the sentence actually imposed."); *McKinney v. United States*, No. 07-CR-20526, 2014 WL 5465497, at *14 (E.D. Mich. Oct. 28, 2014) ("Under Michigan law, delivery of less than 50 grams of cocaine is a felony. Mich. Comp. Laws § 333.7401(2)(a)(iv). The resulting lenient sentence of nine months' incarceration does not alter the fact that the 2006 conviction was a felony."). A "felony drug offense" is not defined as an offense that results in a sentence of imprisonment for more than one year. Even though Jenkins received a shorter custodial term, he was still *punishable* up to the statutory maximums, which exceeded one year. Since his prior drug conviction was punishable by more than one year, the sentencing enhancement applied, and Jenkins' defense attorney had no good faith argument to the contrary. Accordingly, Jenkins has failed to establish that his defense attorney rendered deficient performance by failing to object to the sentencing enhancement.

Even if Jenkins' 2005 conviction did not qualify as a felony drug offense, the government contends that Jenkins' 2006 conviction for possession of marijuana and 2008 conviction for controlled substance-delivery/manufacture (narcotic or cocaine) less than 50 grams – 2nd offense

7

are also felony drug offenses. Thus, according to the government, Jenkins did not suffer any prejudice. This Court agrees. Although Jenkins did not serve a custodial sentence in excess of one year on either the 2006 or 2008 conviction, each of his convictions were *punishable* by imprisonment for more than one year. Notably, the 2008 conviction was charged as a second offense. Thus, Jenkins' argument that the maximum sentence for the 2005 conviction was limited to 90 days because it was his first conviction is inapplicable to the 2008 conviction.

Jenkins has also failed to show any prejudice based on the nature of his plea agreement. He alleges that "he meets the 'prejudice' requirement of *Strickland* by being over sentenced by 60 months." (ECF No. 4 at PageID.29.) Jenkins agreed to a sentence of 180 months imprisonment. Even without the sentencing enhancement, Jenkins' statutory sentencing range would have been five to forty years on Count Seven, and five to life on Count Nine. His guidelines range would have remained the same—235 to 293 months on Count Seven. The 120-month sentence on Count Seven is still 115 to 173 months below the otherwise applicable guideline range. While Jenkins may believe that he could have received a lower sentence if his defense counsel had objected to the sentencing enhancement, he has failed to show any prejudice because the sentence he received was within the statutory penalty range, well below the guidelines and his agreed upon term. *See Suber v. United States*, No. 1:13-CR-00019, 2015 WL 3562161, at *5 (S.D. Ohio June 5, 2015) (finding no prejudice when "the sentence imposed by [the court] pursuant to the Rule 11(c)(1)(C) plea agreement was 151 months, a term of confinement considerably less than the minimum of that range, and less than the minimums of the sentencing ranges associated with both Category II (235–293 months) and Category I (210–262 months).").

### CERTIFICATE OF APPEALABILITY

Having concluded that Jenkins is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that, for the reasons stated above, reasonable jurists could not find this Court's conclusion that Jenkins is not entitled to relief debatable or wrong. Therefore, the Court will deny Jenkins a certificate of appealability.

### CONCLUSION

For the foregoing reasons, the Court will dismiss Jenkins' § 2255 Motion and deny Jenkins a certificate of appealability. A separate order will enter

Dated: August 9, 2022 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE